IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ESTEBAN CRUZ DELGADO

NOEMI MANSO SANTIAGO

XXX-XX-7506

XXX-XX-0582

Debtor(s)

CASE NO. 07-02393 BKT

Chapter 7

FILED & ENTERED ON 03/28/2011

## OPINION AND ORDER

This proceeding is before the Court upon Creditor Mariely Almeda Cruz ("Movant") Opposition to be included in the Bankruptcy case [Dkt No. 99], the Debtors' reply to the Movant's Opposition [Dkt No. 125], the Debtors' answer to order [Dkt No. 129], the Trustee's reply in compliance with court order as per Debtor's reply [Dkt No. 143], the Debtors' Sur-Reply to Trustee's Motion [Dkt No. 145] and Movant's Motion in compliance with order and second opposition to be included in the bankruptcy case [Dkt. No. 146]. For the reasons set forth below, this Court denies Movant's requests to be excluded from this bankruptcy case.

## I. FACTUAL BACKGROUND

Joint Debtors Esteban Cruz Delgado and Noemi Manso Santiago filed a voluntary Chapter 13 petition on May 2, 2007. During the pendency of the bankruptcy case, joint Debtor Noemi Manso

1

Santiago ("Santiago"), was involved in an automobile accident with Movant. After Movant brought a civil suit to collect damages accruing from this accident, the Debtors moved to amend Schedule F to include her as a creditor. Movant opposed the amendment, and the Debtors moved for conversion of their case to Chapter 7, which was later granted by this Court [Dkt. No. 116]. Movant contends that the Debtors improperly included her as a creditor in their bankruptcy case because her claim accrued after the filing of the Chapter 13 petition. The Debtors respond that, pursuant to 11 U.S.C.A. § 348(d), the conversion of the case to Chapter 7 causes Movant's claim to be considered as having accrued immediately before the date of the filing of the petition, making it an allowed claim.

## II. LEGAL ANALYSIS AND DISCUSSION

The main issue to be determined is whether the Movant was properly included in the Debtors' bankruptcy case. Generally, claims that accrue following the petition date are not allowed claims. However, 11 U.S.C.A. § 348(d) states that "[a] claim against the estate or the debtor that arises after the order for relief but before conversion […] shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." In this case, the conversion order make Movant's claim one that shall be treated as though it arose immediately before the date of the filing of the petition. Therefore, the post-petition/pre-conversion claim is allowed to be included in the bankruptcy case. In regards to dischargeability, the matter is not properly submitted before the Court for resolution pursuant to Fed. R. Bktcy P. 7001(4) and/or (6).

### III. CONCLUSION

Having found that Movant's claim was properly included, that no basis exists to determine that it is not an allowed claim, and that the Court is not in a position to determine the dischargeability of her debt, this Court DENIES the Movant's requests to be excluded from this Bankruptcy case [Dkt. No. 99 and 146].

**SO ORDERED.**

San Juan, Puerto Rico this 28 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

3